McEarlaNB, J.,
delivered the opinion of the court:
'This voluminous record presents a single question. The bill shows that a decree for money was rendered against complainant and others, in favor of C. E. Keaves, on the 2d day of November, 1871, wbicb was, by appeal, vacated, and the cause removed to the supreme court. That after-wards, ou the-day of December, 1871, the present complainant, Anderson, obtained bis discharge in bankruptcy, which, by this bill, he -prays to have set up as a discharge, the debt being one wbicb was provable in bankruptcy. The record of the former cause shows that during its pen-dency, the fact that proceedings in bankruptcy had been instituted by the present complainant, Anderson, was suggested and admitted of record, and by consent, tbe cause was revived against his assignee, hut no further notice was taken of the assignee, and the final decree was rendered against Anderson. The discharge having been subsequently obtained, is sought to be set up by tbis bill.
’We have held that when the discharge is obtained after the decree in the court below, and while the cause is pending in this court, that it may be set up by bill in chancery *198 after decree in this court; that the question of discharge should he made in this mode, and not -by suggestion of the fact in this court.
The only question then, is, whether this is changed by tire fact that the bankruptcy proceedings were instituted before the decree in the court below, and that this fact was suggested in the cause, and the cause then revived against the assignee. Application might have been made in the court below to stay proceedings until action could be had upon the question of discharge; but as this was not done, the question is whether the party is to be thereby deprived of the benefit of Ms discharge.
"We think not. See Bump on Bankruptcy, p. 600. "Where the bankrupt fails to plead a discharge which he has already obtained, the judgment against Mm will not be disturbed. The decree o-f the chancellor sustaining a demurrer, will be reversed, and the cause remanded to be proceeded with, the defendant paying the costs of tMs court.